UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAQUAN BURNS,

        Plaintiff,

  -against-

THE CITY OF NEW YORK
AND N.Y.C. POLICE OFFICER
JESUS SANTOS, SHIELD #26054,
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

        Defendants.

-----------------------------------------------------------X

15 CV 4788 (GBD)(AJP)

FIRST AMENDED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

    1.    This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3.    Plaintiff is a resident of New York County, New York City in New York State.

    4.    At all times hereinafter mentioned, the Defendant Police Officers were employees of the

New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about July 11, 2014, at approximately 8:00 P.M., plaintiff was in the vicinity of 153rd Street between and 8th Avenue and Bradhurst Avenue, in Manhattan, New York.

10. At that time, he was merely watching other individuals playing dice on a stoop on the street. He was merely as observer, and was not engaged in any apparent illegal conduct.

11. Nevertheless, defendant officers falsely claimed that he was actively participating in the gambling and proceeded to charge him with promoting gambling and possession of a gambling device.

12. Plaintiff was incarcerated for approximately twenty four hours before being arraigned and released.

13. On February 4, 2015, all charges against Plaintiff were dismissed pursuant to the speedy trial provision CPL Section 30.30.

14. Defendant City of New York has pursued a policy and custom of deliberate indifference

to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

15. Defendant City knew or should have known that prior to July 11, 2014, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

16. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS

17. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

18. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

19.  Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

20. As a direct and proximate result of the acts of Defendants, Plaintiff suffered mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

21. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

22. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

23. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42

U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
November 12, 2015

    RESPECTFULLY,

    /s/

    STEVEN A. HOFFNER, ESQ.
    Attorney for the Plaintiff
    325 Broadway, Suite 505
    New York, New York 10007
    Tel:    (212) 941-8330
    Fax:   (64) 810-4031
    (SH-0585)

VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       November 12, 2015

                                    _____/s/_____
                                    STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAQUAN BURNS,

        Plaintiff,

-against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
"JOHN DOE (1) & (2)", EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

        Defendants.

-----------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

    Attorney for Plaintiff
    Steven Hoffner, Esq.
    325 Broadway, Suite 505
    New York, New York 10007
    Tel: (212) 941-8330
    Fax: (646) 810-4031